FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

2023 FEB 21  PM 1:49

CLERK-LAS CRUCES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )   CRIMINAL NO. 22-1060 KG
                                )
vs.                             )
                                )
**RUDY GARCIA,**                )
                                )
        Defendant.              )

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11, the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **RUDY GARCIA,** and the defendant's counsel, ANDRE POISSANT:

### REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

    d. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.  The defendant hereby agrees to waive these rights and to plead guilty to the Indictment charging in **Count 1** a violation of 21 U.S.C. § 846: Conspiracy to Distribute Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); in **Count 2** a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C): Distribution of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), and 18 U.S.C. § 2, Aiding and Abetting; in **Count 3** a violation of 18 U.S.C. § 924(c)(1)(A)(ii): Using, Carrying, and Brandishing a Firearm During and in Relation to a Drug Trafficking Crime; and Possessing and Brandishing a Firearm in Furtherance of Such Crime; in **Count 4** a violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(j)(1): Using a Firearm During and in Relation to a Drug Trafficking Crime; Discharging Said Firearm; and Causing Death Through Use of Said Firearm; and in **Count 5** a violation of 18 U.S.C. §§ 922(g)(1) and 924: Felon in Possession of a Firearm and Ammunition.

## ELEMENTS OF THE OFFENSE

4.  The elements of 21 U.S.C. § 846: Conspiracy to Distribute Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), are:

    a.  two or more persons agreed to violate the federal drug laws;

    b.  the defendant knew the essential objective of the conspiracy;

    c.  the defendant knowingly and voluntarily involved himself in the conspiracy; and

    d.  there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

5. The elements of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Distribution of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), are:

   a. the defendant knowingly or intentionally distributed a controlled substance as charged; and

   b. the substance was in fact fentanyl (n-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

6. The elements of 18 U.S.C. § 924(c)(1)(A)(ii): Using, Carrying, and Brandishing a Firearm During and in Relation to a Drug Trafficking Crime; and Possessing and Brandishing a Firearm in Furtherance of Such Crime, are:

   a. the defendant committed the elements of a drug trafficking crime;

   b. the defendant knowingly used, carried, possessed, or brandished a firearm; and

   c. the use or carrying of the firearm was during and in relation to, or the possession of the firearm was in furtherance of, the defendant's drug trafficking crime.

7. The elements of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(j)(1): Using a Firearm During and in Relation to a Drug Trafficking Crime; Discharging Said Firearm; and Causing Death Through Use of Said Firearm, are:

   a. the defendant used, carried, or discharged a firearm;

   b. the defendant did so in furtherance of a drug trafficking crime which may be prosecuted in federal court; and

   c. the defendant caused the death of a person through the use of the firearm.

8. The elements of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm and Ammunition, are:

   a. the defendant knowingly possessed a firearm and ammunition;

   b. the defendant was convicted of a felony, that is, a crime punishable by

3

        imprisonment for a term exceeding one year, before he possessed the firearm and ammunition;

    c.    at the time of the possession, the defendant knew that he had been convicted of a crime punishable for a term exceeding one year; and

    d.    prior to the defendant's possession of the firearm and ammunition, the firearm and ammunition moved at some time from one state to another or from a foreign country to the United States.

## SENTENCING

9.    The defendant understands that the maximum penalty the Court can impose as to **Counts 1 and 2** is:

    a.    imprisonment for a period of not more than 20 years;

    b.    a fine not to exceed $1,000,000.00;

    c.    a mandatory term of supervised release of not less than three years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release); and

    d.    a mandatory special penalty assessment of $100.00.

10.    The defendant understands that the mandatory minimum penalty the Court can impose as to **Count 3** is:

    a.    imprisonment for a mandatory minimum of seven years that must be served consecutively to any other sentence imposed;

    b.    a fine not to exceed $250,000.00;

    c.    a mandatory term of supervised release of not more than three years that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release); and

        d.     a mandatory special penalty assessment of $100.00.

11. The defendant understands that the mandatory minimum penalty the Court can impose as to **Count 4** is:

    a. imprisonment for not less than ten years that must be served consecutively to any other sentence imposed and up to life;

    b. a fine not to exceed $250,000.00;

    c. a mandatory term of supervised release of not more than five years that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release); and

    d. a mandatory special penalty assessment of $100.00.

12. The defendant understands that the maximum penalty the Court can impose as to **Count 5** is:

    a. imprisonment for a period of not more than ten years;

    b. a fine not to exceed $250,000.00;

    c. a mandatory term of supervised release of not more than three years that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release); and

    d. a mandatory special penalty assessment of $100.00.

13. The parties recognize that the Sentencing Guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes. Defendant further

recognizes that while the Defendant's attorney may have made a prediction or estimate of the sentence that the Court may impose, the Defendant understands that the Court is not bound by any such estimate or prediction.

14. It is expressly understood and agreed by and between the defendant and the United States that:

    a. The United States has made, and will make, NO AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence is the appropriate disposition of this case.

    b. The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), any request made by the defendant or on behalf of the defendant for a particular sentence in this case, other than the stipulations agreed to below.

    c. The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

    d. The defendant recognizes that this plea agreement has already conferred a benefit upon the defendant and that no downward departure is appropriate. Consequently, in return for the benefit conferred on the defendant by entering into this agreement, the defendant agrees not to seek a downward departure or variance from the applicable offense level or criminal history category as determined by the Court. This specifically precludes any claim by the defendant, pursuant to USSG § 4A1.3, that the criminal history category overstates the seriousness of

defendant's criminal history. The defendant agrees that the advisory guideline range as determined by the agreed upon stipulations is reasonable in light of 18 U.S.C. § 3553 and *United States v. Booker*, 543 U.S. 220 (2005). The defendant agrees not to seek a sentence below the advisory guideline range. If the defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, the United States reserves the right, in its sole discretion, to withdraw this plea agreement and to proceed to trial on all charges before the Court.

        e.      Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

## DEFENDANT'S ADMISSION OF FACTS

15.    By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt,

including any facts alleged in the Indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> Rudy Garcia (Garcia) fatally shot Anthony Kane Juarez (Juarez) on January 24, 2022, just prior to midnight in Las Cruces, New Mexico. The shooting occurred as a result of a drug deal for fentanyl-laced pills gone bad between Garcia and Juarez. Garcia is a convicted felon.
>
> On January 31, 2022, following his arrest and while detained at the Dona Ana County Detention Center, Garcia requested to speak with a detective. Detective Campa conducted an interview of Garcia after advising Garcia of his Miranda rights and obtaining a signed waiver of those rights. Garcia stated that an acquaintance of his, Donnette Inez, aka Donnette Medina (Inez), had been reaching out to him on multiple occasions via text message about helping her and Juarez obtain blue pills. Garcia stated that he was reluctant to help them but ultimately agreed to help because his ex-wife (Blanca Flores) had the pills and because he needed money. Garcia and Inez negotiated for Inez and Juarez to purchase 100 pills from Flores for $500. Garcia stated that he stood to make a small "tax" for brokering the deal, which Garcia understood was going to be ten pills that he could later sell.
>
> Prior to getting the pills (fentanyl), Garcia and Juarez had a conversation at a motel where Garcia let Juarez know he had a shotgun and displayed the shotgun so that it was visible to Juarez. Garcia expressed concern that Juarez had developed a reputation for conducting "drug rips" and did not want any trouble during the deal. They then traveled to Flores' residence to purchase the pills.
>
> After obtaining the pills from Flores' son (Flores was not at home at the time of the purchase) and counting them, Garcia and Juarez then walked together back to Martinez's vehicle. As they were getting into Martinez's vehicle, Garcia claimed that he observed Juarez reach for his pistol. Because he was already "at unease," Garcia stated that he stepped out of Martinez's vehicle, pulled out his shotgun, and started shooting at Juarez. Garcia also stated that he felt threatened, and that he just "reacted" by shooting at Juarez. Ultimately, however, Garcia's actions were not reasonable under the circumstances. Juarez died from the gunshot wound he sustained that night.
>
> Prior to the time Garcia possessed the firearm and ammunition he had been convicted of a felony and was aware of his status as a felon.

**The firearm and ammunition traveled in interstate or foreign commerce prior to the time Garcia possessed them.**

By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

16. The United States and the defendant stipulate as follows:

    a. Pursuant to USSG § 2D1.1(c), the parties stipulate that the defendant is responsible for approximately one-hundred pills of fentanyl (n-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

    b. Pursuant to USSG § 3E1.1(a), the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Consequently, so long as the defendant continues to accept responsibility for the defendant's criminal conduct, the defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States probation officer who prepares the presentence report in this case in which the defendant clearly establishes the defendant's entitlement to this reduction.

    c. Provided the defendant meets the requirements of USSG § 3E1.1(b), the government agrees to move for a reduction of one additional level from the base offense level as calculated under the sentencing guidelines.

d.  Apart from the provisions in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines and adjustments under the guidelines.

17.  The defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the defendant understands that the Court may choose to vary from the advisory guideline sentence. The defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the defendant, or if the Court varies from the advisory guideline range, the defendant will not seek to withdraw the defendant's plea of guilty. In other words, regardless of any stipulations the parties may enter into, the defendant's final sentence is solely within the discretion of the Court.

## FORFEITURE

18.  The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case. The Defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The Defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the Defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

19. The Defendant voluntarily and immediately agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following assets and properties:

    a. a Maverick Arms model 88 12-gauge shotgun, serial number MV91507L, and

    b. twenty-seven (27) rounds of 12-gauge shotgun ammunition.

20. The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

21. The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

22. The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## DEFENDANT'S OBLIGATIONS

23. The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this

obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

24. The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

25. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless: (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

26. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, at or under the maximum statutory penalty authorized by law, as well as any order of restitution entered by the Court. The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence. The Defendant also waives the right to appeal

12

the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

27. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Indictment.

28. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

29. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

30. The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

13

## SPECIAL ASSESSMENT

31. At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $500.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

32. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

AGREED TO AND SIGNED this 4th day of November, 2022.

ALEXANDER M.M. UBALLEZ
United States Attorney

*Randy Castellano*
RANDY M. CASTELLANO
MATTHEW RAMIREZ
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____
RUDY GARCIA
Defendant

I am the attorney for RUDY GARCIA. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
ANDRE POISSANT
Attorney for Defendant